■ In the Matter of HERBERT A. SAVAGE, Appellant, against JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a dismissal of a decision, pursuant to article 78 of the Civil Practice Act, seeking to annul the determination of the Commissioner of Education which sustained the results of an election approving a bond issue in the amount of $2,800,000 for school construction in the City of Glen Cove, Nassau County, New York, in which 4,257 votes were cast, the election being decided by 19 votes. The petition alleges certain irregularities and violations and called upon the Commissioner to have an investigation and hearing, giving the parties the opportunity to be heard, according the petitioner an opportunity to submit evidence and to test, by cross-examination and rebuttal, evidence introduced by others and to thereafter declare the election void. He submitted no proof by affidavit (Rules of Practice, Education Dept.) and by failing to. reply to the documented answer of the respondents, admitted the truth thereof. The Special Term was therefore correct in stating: "On the present state of the pleadings there is no triable issue of fact the resolution of which in the petitioner's favor would leave no rational basis for the Commissioner's decision." The following facts are not disputed: The election was held on October 22, 1957 in the City School District of Glen Cove, New York. Six election districts were established with

one voting machine in each district, the polls being open from 12 noon until 9:00 P.M. In School District No. 2 (also known as High School District) near the closing hour it was noted that the voting machine was nearing its voting limit (1,000). The Commissioner of Election was notified and sent a subordinate to open the machine, it being done in the presence of members of the auxiliary police, the Inspectors of Election and some of the School Board. A record was made of the vote and the machine was set back to zero. There were many people waiting to vote and following the above procedure, 48 additional votes were cast, some after the closing hour of 9:00 P.M. When the Inspectors of Election made their return, they made no report of the opening of the machine. It was also contended that there were not proper rules concerning the conduct of the election; there were not proper or adequate voting facilities; electioneering took place at the polls and several others not necessary to enumerate. The Commissioner had substantial documentary evidence supporting the validity of the election and none (aside from the petition) to support the contention of the appellant herein. There being no triable issue of fact before the Commissioner, under the circumstances, it cannot be said his action in denying a hearing was arbitrary. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ. [13 Misc 2d 489.]